IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPINEVISION, INC.,

                              Plaintiff,

        v.                                                    1:06-cv-332-WSD

MARC BUREL,

                              Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Marc Burel's ("Defendant")

Motion to Dismiss or, in the Alternative, to Transfer Venue under 28 U.S.C.

§ 1404(a) ("Mot. to Transfer").[1]  [2]

## I.    BACKGROUND

This action arises from a dispute between Defendant and his former

employer, Plaintiff Spinevision, Inc. ("Plaintiff" or "Spinevision") relating to

Defendant's termination.  Around December 6, 2004, Defendant signed an

Employment Agreement with Plaintiff, a Georgia corporation that markets spinal

---

[1]  Defendant also requests oral argument on his motion.  The record, pleadings and submissions by the parties are sufficient for the Court to determine the issue before it.  See L.R. 7.1E, N.D.Ga. ("Motions will be decided by the court without oral hearing, unless a hearing is ordered by the court.").

implant devices throughout the United States.  Defendant was a Vice President of

Sales and Marketing for Plaintiff, who worked out of his home in New Jersey.  The

Employment Agreement allows for termination "for cause" and "without cause,"

and it also contained a forum selection clause designating any Georgia state or

federal court in Fulton County, Georgia as the proper venue in which to litigate any

disputes arising between the parties.

      In January 2006, Plaintiff terminated Defendant, claiming that it was "for

cause" under the Employment Agreement.  The stated grounds for termination

were that Defendant gave unauthorized favorable prices to a distributor in which he

had an interest, implemented an improper training protocol for Plaintiff's medical

products, and attempted to sabotage Plaintiff's reorganization.  Defendant asserts

that he was not terminated "for cause" but in retaliation for his involvement in the

reporting of a sexual harassment claim against Plaintiff's international CEO.

      Approximately three days after his termination, Defendant's attorney

notified Plaintiff that it had breached the Employment Agreement in terminating

Defendant.  Counsel for both parties communicated several times regarding

Defendant's potential claim, and SpineVision's attorney stated that he would

accept service of Defendant's complaint.  On February 14, 2006, SpineVision

instead filed this action against Defendant in this Court.  [Compl. 1.]

The Complaint seeks a declaratory judgment that SpineVision had sufficient

cause to terminate Defendant.  It also asserts claims for breach of the Employment

Agreement, breach of the duty of loyalty and other fiduciary duties, implied

covenant of good faith and fair dealing, tortious interference with contractual and

advantageous business relationships, conversion, and attorneys' fees.  Over two

weeks after the complaint was filed, around March 2, 2006, Defendant filed an

action in the United States District Court for the District of New Jersey, asserting

various claims against SpineVision, including claims for breach of the

Employment Agreement, the covenant of good faith, and various New Jersey

discrimination law violations.

On April 3, 2006, Defendant filed this Motion to Transfer, arguing that

SpineVision improperly filed this action in anticipation of the case Defendant filed

in New Jersey.  Defendant requests this action either be dismissed or transferred to

the District of New Jersey.  (Mot. to Transfer, at 1.)  Plaintiff argues that this

district is the proper venue for this action because its filing was not anticipatory

and because other considerations, especially the forum selection clause in the

Employment Agreement, make venue in Georgia proper and preferred.  (Pl. Opp.

to Mot. to Transfer [3], at 1.)

## II.    DISCUSSION

Defendant first argues this case should be dismissed because he has filed an

action in New Jersey and the declaratory judgment action filed in this Court, while

filed first, should be dismissed because it was filed in anticipation of the New

Jersey action.  In this dispute, Spinevision was the first party to file suit.  The

Eleventh Circuit applies the first-filed rule, which provides:  "[w]here two actions

involving overlapping issues and parties are pending in two federal courts, there is

a strong presumption across the federal circuits that favors the forum of the

first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d

1132, 1135 (11th Cir. 2005) (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v.

Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)).  "[T]he party objecting to

jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling

circumstances' to warrant an exception to the first-filed rule."  Id.

The first-filed rule usually "requires the first court to decide whether the

first-filed rule should apply." Kate Aspen, Inc. v. Fashioncraft-Excello, Inc., 370

F. Supp. 2d 1333, 1338 (N.D. Ga. 2005).  To determine if compelling

circumstances exist to warrant an exception to the rule, the Eleventh Circuit has recognized that where the first filed case is a declaratory judgment action, "one equitable consideration is whether the action was filed in apparent anticipation of the other pending proceeding." Manuel, 430 F.3d at 1135 (citing Ven-Fuel, Inc. v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982)).  Even if a filing is anticipatory, dismissal is not mandatory -- it is still only one equitable factor among many that a district court can consider in determining whether to hear a declaratory judgment action.  Id. at 1135-36.  The Court's discretion to consider the declaratory judgment action is guided by equitable considerations that implicate the factors in a § 1404(a) analysis.[2]  "[T]he court notes that even in instances where the first-filed lawsuit is a declaratory judgment action and an exception to the first-filed rule might thus conceivably apply, it is nonetheless still preferred that the first-filed rule govern." Kate Aspen, Inc., 370 F. Supp. 2d at 1339.

---

[2]  The Eleventh Circuit has "previously recognized convenience of the parties and the forum's connection with the controversy as relevant, albeit nonexclusive, factors." Manuel, 430 F.3d at 1135.  "Some courts simply apply the same general factors that are considered in a motion to transfer under 28 U.S.C. § 1404(a)." Id.

In this case, Defendant presents some evidence to support his argument that Plaintiff filed this action in anticipation of his suit in New Jersey.  The Court does not agree, however, that the facts here support a transfer.  Three days after Defendant's termination, Plaintiff received a notification that Defendant was alleging a breach of the parties' Employment Agreement and demanding his severance pay.  Over the course of several weeks, counsel for Defendant and Plaintiff engaged in several communications, concluding with Defendant's counsel notifying Plaintiff's counsel that an action would soon be filed in federal court in New Jersey.  The parties spoke for the last time on February 12, 2006, when Plaintiff's counsel told Defendant's counsel he was authorized to accept service on behalf of SpineVision, but that he would be on vacation from February 21-28, 2006.  Two days later, SpineVision filed suit against Defendant in the Northern District of Georgia, pursuant to the terms in the parties' forum selection clause.  Although it appears that Plaintiff's decision to file suit was motivated in part by a desire to file before Defendant, Plaintiff also appears to have good faith claims against Defendant and chose this forum because it believed it was required to do so by the Employment Agreement.

Even if Plaintiff's suit was anticipatory, after carefully considering the facts here, the Court concludes that the "first- filed" rule applies and compelling circumstances do not exist to warrant an exception to the rule's application.  See Kate Aspen, Inc., 370 F. Supp. 2d at 1338-39; Manuel, 430 F.3d at 1136. Particularly important is the fact that the parties, in the Employment Agreement, agreed that Fulton County, Georgia would be the proper venue for the parties to litigate any disputes between them relating to their employment relationship. Plaintiff's Complaint also contains a variety of affirmative claims against Defendant that are not implicated in the New Jersey action.  The Court finds that other considerations are at least neutral, and likely favor Plaintiff and litigation in this district.

Defendant next argues that if the Court does not dismiss this action, it should transfer the case to New Jersey because the factors governing transfer of venue under 28 U.S.C. § 1404(a) favor venue in New Jersey.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); see generally Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (holding that the purpose of Section 1404(a) is

"to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations omitted).  The Eleventh Circuit has stated that the factors a district court should apply when evaluating whether to transfer a case under § 1404(a) include: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."  <u>Manuel</u>, 430 F.3d at 1135 n.1.

The moving party bears the burden of establishing that the balance of § 1404(a) interests favors the transfer.  "[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference," <u>In re</u> <u>Ricoh Corp.</u>, 870 F.2d 570, 573 (11th Cir. 1989), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947); <u>see also</u> <u>Moore</u>, 41 F. Supp. 2d at 1356.  The decision to transfer a case under § 1404(a) rests within the Court's

-8-

sound discretion.  See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654-55

(11th Cir. 1993) (reviewing district court's transfer of venue for "clear abuse of

discretion") (citations omitted).

Defendant argues that transfer to the District of New Jersey is warranted

because (1) Georgia is not a convenient forum for any party; (2) the location of

witnesses and relevant documents favors New Jersey; (3) the majority of the

combined claims between Plaintiff's action here and Defendant's action in New

Jersey primarily require application of New Jersey law; (4) the location of the

claim is New Jersey; (5) both parties' counsel are in New Jersey; and (6) the public

interest in the fair and efficient administration of justice favors transferring the case

to New Jersey.  Having reviewed the record and the submissions of the parties on

this issue, the Court finds that Defendant's arguments fall short of establishing that

the balance of § 1404(a) interests favors transfer.

First, Defendant ignores one of the central factors to the Court's

determination.  "The presence of a forum-selection clause such as the parties

entered into in this case will be a significant factor that figures centrally in the

district court's calculus. . . . The flexible and individualized analysis Congress

prescribed in § 1404(a) thus encompasses consideration of the parties' private

expression of their venue preferences." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).  Defendant does not argue that the forum selection clause at issue here is unenforceable.  He simply contends it should not dominate the Court's analysis, and other § 1404(a) factors favor transfer.  The Court disagrees.  The fact that the parties contractually agreed to litigate any disputes in Fulton County, Georgia is a strong factor against transfer.

The balance of the other §1404(a) interests also does not favor transfer of this case to New Jersey.  The Court is not convinced that Georgia is an overly inconvenient forum for any party.  Although Defendant argues that this forum is inconvenient because he resides in New Jersey, Plaintiff is a Georgia employer, incorporated in Georgia and headquartered in Atlanta.  That Plaintiff is in the process of moving its offices is not dispositive.  It is at least uncertain whether Plaintiff will close its Atlanta office or what presence it will have–permanently or temporarily–in Georgia.  The other named defendants in Burel's New Jersey action, Mr. Papachristou and Mr. Vanacker, live in New York and France respectively.  The Court does not see why Atlanta, rather than Newark, is any less convenient for Mr. Vanacker, who presumably would have to travel to the United States from France regardless of the forum.  Defendant also fails to provide

adequate support for his claim that the majority of likely witnesses are located in New Jersey. Defendant focuses only on his own discrimination suit in New Jersey and fails to specify all witnesses or issues implicating Defendant's alleged improper conduct leading up to his dismissal. Defendant's discussion of what witnesses have knowledge about which issues is scant, if not missing entirely. There simply is not enough evidence that this forum is an inconvenient one for the witnesses.

What little witness information is provided to the Court relates only to Defendant's claims in the New Jersey action. Although it appears that two potential witnesses live in New Jersey, others do not live in either Georgia or New Jersey. Ms. Kopp, the alleged victim of the sexual harassment central to Defendant's claim,[3] lives in France, and witnesses with knowledge of Verta Tek, the distributor with whom Defendant allegedly had an improper business relationship, are located in New Jersey, Pennsylvania, and Delaware. Rita Greenless, SpineVision's human resources representative and Controller, resides in

_____

[3] The Court finds it difficult to see why Ms. Kopp would be a central witness to Defendant's discrimination claims. It is unlikely that her testimony would be relevant to the issue of whether Defendant was fired in retaliation for reporting her sexual harassment or supporting another supervisor who did so.

Georgia and will have information central to Plaintiff's claims of Defendant's misconduct.  SpineVision's employment documents are located in Atlanta, including those relating to its allegations that Defendant engaged in self-dealing, implemented improper training protocols, and incurred unreasonable expenses. Because SpineVision is a Georgia corporation, Defendant's actions would affect its relationship with its Georgia employees as well as customers across the United States, and SpineVision was likely injured in Georgia.  While some witnesses, parties, or documents may be located in New Jersey, there are others that are located either in Georgia or states other than New Jersey, or overseas.  On the information presented, the Court concludes it should defer to Plaintiff's choice of this District as its litigating forum.

Defendant next argues that venue should be transferred to New Jersey because many of the claims involve "complicated" New Jersey law with which a court in New Jersey would be more familiar.  Of the nine claims asserted by Plaintiff in this action, it appears that at least seven of them could implicate Georgia law.  The fact Defendant may assert counterclaims under New Jersey law, and that New Jersey law may apply to some of Plaintiff's claims, does not weigh

heavily in favor of transfer.  This Court can properly apply New Jersey law when necessary.

Other § 1404(a) factors, including the interests of justice, also do not favor transfer.  While the citizens of New Jersey may have an interest in protecting their citizens from wrongful termination, the citizens of Georgia have an equal interest in protecting corporations against improper business dealings.  Judicial economy, the location of counsel, and the locus of operative facts, though factors to be considered, do not dictate transfer here where Plaintiff was the first to file suit and the parties signed an enforceable Employment Agreement selecting Fulton County, Georgia–including federal courts like this one–as the forum to litigate disputes. Defendant fails to demonstrate that the balance of factors under § 1404(a) strongly favors transfer or warrants disturbing Plaintiff's choice of forum.

## III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Marc Burel's Motion to Dismiss, or in the Alternative, to Transfer Venue under 28 U.S.C. § 1404(a) [2] is **DENIED**.

**SO ORDERED** this 5th day of December, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE